UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LANCE UGGLA,

                Plaintiff,

  -against-

DOES 1-10,

                Defendants.

------------------------------------------------------------x

**COMPLAINT**

**15 Civ. _____**

Plaintiff Lance Uggla ("Plaintiff"), by and through his undersigned attorneys, Gibson, Dunn & Crutcher LLP, for his complaint against defendants Does 1-10 ("Defendants" or "Does") alleges as follows:

## THE PARTIES

1. Plaintiff is a Canadian citizen and resident of the United Kingdom. Plaintiff regularly travels to and conducts business from New York City. Plaintiff is an executive of a financial information services company that directs its North American operations from New York City.

2. Defendants Does are a person or persons of unknown residence and citizenship. Plaintiff does not know Does' identities or locations at this time and therefore sues these Defendants by fictitious names. Plaintiff will amend his complaint to name Defendants Does when their identities are learned.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and the Electronic Communications Privacy Act, 18 U.S.C. § 2520.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Depending on the residence of Defendants, venue may be proper under 28 U.S.C. § 1391(b)(1) or (3) as well.

## FACTUAL ALLEGATIONS

5. For at least the past three months, Defendants have attempted to intimidate and extort money from Plaintiff by hacking his computers, phone, and emails in violation of the Computer Fraud and Abuse Act and the Electronic Communications Privacy Act. Defendants have issued repeated threats that if Plaintiff does not pay, they will continue to increase their hacking attacks on him, his family, and his financial interests. Plaintiff brings this action to enjoin Defendants' unlawful activities and for damages.

6. Among the various harassing tactics employed by Defendants, on November 17, 2015, Defendants posted tweets via an anonymous Twitter account to contact and intimidate Plaintiff and his employer. These tweets are publicly available to viewers, including Plaintiff's colleagues, employees, business partners, and clients in New York.

7. On November 25, 2015, eight days after these tweets were posted, Plaintiff received an anonymous email from Defendants seeking to extort money from him. This anonymous email detailed phases of a campaign of hacking that Defendants have been waging and will continue to wage against Plaintiff, including through the disclosure of private information about Plaintiff, his family, and his financial interests, unless and until Plaintiff pays a ransom.

8.      In this email, the anonymous Defendants admitted that they have been intentionally accessing, without Plaintiff's permission, Plaintiff's computer, server, and email for over three months, stating that "I have successfully attacked your web servers . . . ,"[1] and confirming that they are tracking Plaintiff's email.  Defendants later informed Plaintiff that they had hacked Plaintiff's phone and gained "unprecedented access" to it.

9.      In subsequent emails to Plaintiff, Defendants continued to threaten to use their unauthorized access to Plaintiff's computer, phone, email, and other web-based accounts in an attempt to extort him.  For example, on November 29, 2015, while Plaintiff was in New York City, Defendants sent Plaintiff another email, which began, "New York, New York … It's a wonderful town," confirming that Defendants were tracking his movements and targeting him in New York, and going on to threaten cyberattacks on the email addresses of multiple New York-based employees of Plaintiff's company.

10.     Defendants also confirmed that they are intentionally masking their identity, writing, "This e-mail is sent from a random IP and an encrypted address.  You cannot contact me on it."

11.     Defendants' hacking has caused remedial and investigative costs that have exceeded $5,000.

---

[1]  At times, Defendants write their emails to suggest a single sender (i.e., "I"), but also make reference to multiple associates by reference to "we," "our," and "my associates," and therefore Plaintiff has reason to believe that multiple anonymous Does are behind the cyberattacks on him.

**FIRST CLAIM FOR RELIEF**
(Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g))

12. Plaintiff repeats and realleges each of the allegations made in Paragraphs 1 through 11 as if fully stated herein.

13. As alleged above, Defendants intentionally accessed Plaintiff's computers, phone, and email accounts, which are connected to the Internet and are used in interstate and foreign commerce, without authorization and obtained information therefrom, in violation of 18 U.S.C. § 1030(a)(2)(C).

14. Plaintiff regularly transacts business, including interstate and foreign business with colleagues based in New York, using the devices and accounts that Defendants unlawfully accessed without authorization.

15. Moreover, and in violation of 18 U.S.C. § 1030(a)(7), Defendants have intended to and have willfully attempted to extort from Plaintiff money through their campaign of harassment and intimidation by transmitting in interstate and foreign commerce threats to damage and obtain information from Plaintiff's electronic assets, all of which are connected to the Internet and used in interstate commerce. Such access and threatened further access has been done to facilitate Defendants' anonymous campaign of extortion.

16. In taking the above actions, Defendants have damaged Plaintiff in that, among other things, Plaintiff has expended resources to investigate the unauthorized access and to prevent such access from continuing. The losses caused by Defendants as a result exceed $5,000.

## SECOND CLAIM FOR RELIEF
(Electronic Communications Privacy Act, 18 U.S.C. § 2520)

17. Plaintiff repeats and realleges each of the allegations made in Paragraphs 1 through 16 as if fully stated herein.

18. As described above and incorporated herein, Defendants have intentionally intercepted Plaintiff's electronic communications to which they are not a party by unlawfully and without authorization accessing Plaintiff's computers, phone, and emails.  Such unauthorized access has been made for an improper purpose and includes communications related to Plaintiff's business, which affects interstate and foreign commerce, and therefore violates 18 U.S.C. § 2511(1).

19. Defendants specifically admit that they are tracking Plaintiff, having stated in an email to Plaintiff that they "have successfully attacked your web servers" and that Plaintiff's email and location "is being tracked by me."

20. Upon information and belief, Defendants have disclosed the contents of Plaintiff's electronic communications to others, including but not limited to each other and their agents, accomplices, and associates.

21. Defendants have intentionally used the contents of Plaintiff's electronic communications with knowledge that such communications and information were obtained through the unauthorized interception of Plaintiff's electronic communications.

22. In taking the above actions, Defendants have damaged Plaintiff in that, among other things, Plaintiff has expended resources to investigate the unauthorized access and to prevent such access from continuing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants as follows:

i. For an injunction enjoining Defendants and their respective agents, servants, employees, officers, assigns, and all other persons acting in concert or in participation with any of them from engaging in any further acts constituting violations of the Electronic Communications Privacy Act;

ii. For compensatory damages in an amount to be determined at trial;

iii. For punitive damages in an amount to be determined at trial;

iv. For attorneys' fees along with the costs and disbursements incurred herein; and

v. Granting such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

Dated: New York, New York
December 8, 2015

GIBSON, DUNN & CRUTCHER LLP

By: *s/ Alexander H. Southwell*
Alexander H. Southwell
(asouthwell@gibsondunn.com)

200 Park Avenue
New York, New York 10166-0193
T: (212) 351-4000
F: (212) 351-4035

*Attorneys for Plaintiff Lance Uggla*